## Matney v. Ratliff, et al.

(Decided June 1, 1923.)

### Appeal from Pike Circuit Court.

Execution—Award of Possession Under Execution Sale of Mortgaged Property is Within Jurisdiction, and Not Void, though Erroneous.—Under Kentucky Statutes, section 1689, the circuit court had jurisdiction to grant a motion for writ of possession by a purchaser at execution sale of lands incumbered by mortgage, and therefore its judgment is conclusive against the execution defendant, who had proper notice of the proceedings, even though it was erroneous under sections 1690, 1691, 1709, requiring the court to adjudge the execution purchaser a lien upon incumbered land and to take the necessary proceedings to subject the land to the payment of the incumbrance and the lien.

.STRATTON & STEPHENSON for appellant.

AUXIER, HARMAN, FRANCIS & HOBSON and J. M. BOLLING for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1896, appellant Matney was the owner of the tract of land involved in this action, and the only question presented by this appeal is whether his title thereto passed to appellees' vendors by reason of the following admitted facts:

He became surety on a replevin bond for M. E. McCombs and others, upon which an execution issued from the clerk's office of the Pike circuit court, and same was levied upon the land. The land was sold thereunder by the sheriff to the execution plaintiffs, who afterwards assigned their bid to G. W. Pinson and G. W. Syck, to whom Matney had mortgaged the land prior to the execution sale. Thereafter, on November 23, 1898, Matney having failed to redeem the land within the time allowed, the sheriff conveyed the land to Pinson and Syck, who, in accordance with the provisions of section 1689 of the statutes, gave Matney notice that they would enter a motion for a writ of possession on the 6th day of the January term of the Pike circuit court, 1899. The motion was filed in said court on that date, and no response having been filed thereto, a judgment was entered sustaining the motion of Pinson and Syck, and awarding them a writ of possession for the land. No appeal was

ever taken from that judgment, nor any complaint made of same until in March, 1921, when Matney filed this action to recover the possession from appellees, to one of whom Pinson and Syck conveyed it in 1903, and who has been in possession ever since.

Section 1689, *supra,* provides in part:

"The purchaser of lands sold under execution, and not redeemed, as provided for in this article, shall have the right, after obtaining a conveyance therefor, upon ten days' notice in writing to the defendant in the execution, whose lands have been so sold, to enter a motion on the docket in the circuit court of the county where the lands are situated, for a judgment for the possession of such lands; and if, upon the hearing of such motion, the court shall be of opinion that the plaintiff in the motion is entitled to the possession, it shall render a judgment accordingly, and award the writ of possession, with costs. The proceedings on said motion shall be the same as under chapter 5, title 10, of the Civil Code of Practice."

Sections 1690, 1691 and 1709 provide, respectively:

Section 1690: "If, upon the trial of such motion, it shall appear that the defendant had no title to said lands when sold under execution, the court shall have the power to set the sale aside, and quash the return of the officer, and award execution for the debt as if no sale had been made; and if it shall appear that the land so sold had been given up by the defendant to the officer for levy and sale, and the sale shall be set aside as aforesaid, the court shall render judgment against the defendant for ten per centum (10%) damages upon the amount of the execution, including interest and cost."

Section 1691: "If it appears in the proceedings aforesaid that the title of the defendant in the execution to the land sold was only equitable, or the land encumbered by mortgage or lien, the court shall, if the purchaser require it, subject the land to the payment of the debt of the execution creditor in the same manner it would do if there was a return of no property found, and may cause such pleadings to be filed and parties brought before the court as may be necessary to a final equitable judgment in respect to the rights of all parties interested."

Section 1709: "When the defendant in an execution owns the legal title to land encumbered by lien for the purchase money, or who shall own the legal title in any

real or personal estate, and shall have created a *bona fide* encumbrance thereon by mortgage, deed of trust or otherwise, before an execution has created a lien on same, the interest of the defendant in such property may be levied on and sold, subject to such encumbrance. (See further, as to encumbrance, section 1691.)

"1. The purchaser at the sale shall acquire a lien on such property for the purchase money, and interest at the rate of ten per centum (10%) per annum from the day of sale until paid, subject to the prior encumbrances.

"2. Any other creditor, whether by judgment or otherwise, may, after such execution and sale, by equitable proceedings, subject the encumbered property to sale, and, after satisfying prior liens, have his demand satisfied out of the proceeds of the residue. The proceedings in equity must be instituted before the purchaser has, by suit, removed the encumbrance.

"3. The defendant in the execution may redeem the property so sold by paying the original encumbrance, with legal interest thereon, and by paying the purchaser his purchase money, with ten per centum (10%) per annum interest thereon.

"4. The purchaser of encumbered movable property must, before possession thereof is delivered to him, give an obligation, with good surety, payable to the encumbrancer and the owner, stipulating that the property shall not be removed out of the county, and shall be preserved and forthcoming, unavoidable accidents excepted, to answer the encumbrance, and for redemption, and deliver the obligation to the officer, to be returned with the execution.

"5. Courts of equity shall have control of all encumbered property sold under execution, and the power to make all needful orders for the preservation and forthcoming of the property, and its issues and profits, to satisfy the encumbrance, and to secure the rights of others."

The sheriff's deed to Pinson and Syck recited the fact that at the time of the execution sale they had a mortgage upon the land, and it is the contention of the appellant not only that it was the duty of the court, by reason of that fact, and pursuant to section 1709, to adjudge the execution purchasers a lien upon the land, and if they requested it to take the necessary proceedings prescribed by section 1691 to subject the land to the

payment of their execution lien and mortgage, but that the judgment awarding them a writ of possession was absolutely void.

That the court erred in awarding the purchasers at the execution sale a writ of possession and in not proceeding as required by section 1691, may be conceded; but it is not true, as appellant contends, that the judgment was void. It was merely erroneous, and, never having been appealed from, modified, or set aside, is binding upon appellant, since it is clear that the several sections above quoted conferred upon the court in such a proceeding jurisdiction either to award a writ of possession or to take such other action as the facts warranted.

As appellant was duly summoned, as is conceded, and as the court had jurisdiction under the statute, *supra,* to fully protect, adjudge and enforce the rights of all parties having or claiming any interest in the land, it is clear that appellant is precluded thereby, even though the court rendered an erroneous judgment.

Since the judgment appealed from herein so holds, it is affirmed.